United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1420
_____

United States of America,                    *
                                             *
    Plaintiff - Appellee,                    *
                                             *
    v.                                       *
                                             *
Scott Michael Dornseif,                      *
                                             *
    Defendant - Appellant.                   *

_____                    Appeals from the United States
                               District Court for the
No. 97-1421                    District of Minnesota.

_____
                                   [UNPUBLISHED]

United States of America,                    *
                                             *
    Plaintiff - Appellee,                    *
                                             *
    v.                                       *
                                             *
Kelly Jean Knorr,                            *
                                             *
    Defendant - Appellant.                   *

_____

Submitted:  October 24, 1997
Filed:  December 5, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, LOKEN and HANSEN, Circuit Judges.

_____

PER CURIAM.

Scott Michael Dornseif and Kelly Jean Knorr were charged in a multi-count indictment with methamphetamine trafficking and money laundering. Each pleaded guilty to conspiring to distribute over two hundred grams of methamphetamine, and the remaining counts were dismissed. At their sentencings, the district court[1] granted the government's downward departure motions because of the substantial assistance Dornseif and Knorr provided in the investigation and prosecution of others. Dornseif and Knorr appeal the resulting sentences. We affirm.

Mr. Dornseif was subject to a mandatory minimum five-year sentence. The government filed a motion for downward departure from the Guidelines sentencing range under U.S.S.G. § 5K1.1, but did not move for a departure from the applicable mandatory minimum sentence under 18 U.S.C. § 3553(e). At sentencing, counsel for Dornseif, the Assistant U.S. Attorney, and a case agent advised that Dornseif had provided an unusually high level of assistance in investigating and prosecuting others. In determining the applicable Guidelines range, the district court rejected the probation officer's recommendation of a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1), found that Dornseif is a career offender under § 4B1.1, and found that his Guidelines range is therefore 188-235 months in prison. Turning to the question of downward departure, the court granted the government's substantial assistance motion and sentenced Dornseif to 120 months in prison and five years of supervised release.

Ms. Knorr was subject to a mandatory minimum sentence but became eligible for the mandatory minimum "circuit breaker" found in 18 U.S.C. § 3553(f) andU.S.S.G. § 5C1.2 when the government did not pursue an arguable § 2D1.1(b)(1)

----

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

enhancement. At sentencing, the district court found that Knorr is eligible for circuit breaker relief, found that her applicable Guidelines range is 30-37 months in prison, *and* granted the government's motion for downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The court then imposed a sentence of 35 months in prison and five years of supervised release, explaining that a sentence of that length was needed so that Knorr may complete the Bureau of Prison's comprehensive drug treatment program for her serious drug abuse problem.

On appeal, Dornseif argues that the district court erred when it granted the government's substantial assistance motion but then imposed a sentence without discussing the departure factors listed in U.S.S.G. § 5K1.1 or giving reasons for the specific departure sentence imposed. Knorr argues that the district court erred when it granted her motion for downward departure but sentenced her near the top of the applicable Guidelines range. However, the extent of a district court's downward departure for substantial assistance is not reviewable on appeal in this circuit. As in United States v. McCarthy, 97 F.3d 1562, 1577 (8th Cir. 1996), "[w]e decline the invitation to further circumscribe the district court's discretion by requiring it to examine each of the listed factors in § 5K1.1," or, in Knorr's case, by requiring the court to parse out and explain the manner in which it has granted overlapping circuit breaker and substantial assistance relief.

Accordingly, the judgments of the district court are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.